■ In the Matter of the Claim of POITVIEN SAINTEL, Respondent, v ST. VINCENT'S HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 25, 1980. The issue in this case is whether substantial evidence supports the board's finding that the change in condition of claimant's back was not contemplated at the time of closing on a lump-sum nonschedule adjustment pursuant to subdivision 5-b of section 15 of the Workers' Compensation Law. The claimant had suffered a back injury requiring disc removal surgery. A lump-sum settlement of $11,200 was made and his case was closed on June 4, 1973. A motion was made to reopen the case and reconsider whether there had been a change in claimant's causally related condition not contemplated when the case was closed. The case was reopened on June 29, 1978. The board found: "based on Dr. Krause's C-71 dated February 28, 1979 and testimony of Dr. Folk, that claimant has had a change in condition not contemplated at the time of closing on a lump sum non-schedule adjustment." There is substantial evidence to support the board's finding. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.

■ In the Matter of the Claim of ANTHONY BOHUNICKY, Appellant, v CITY OF BINGHAMTON-POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation. Board, filed January 25, 1980, which disallowed a claim for compensation. Claimant, a member of the police department of the City of Binghamton since 1957, served in various capacities before he was assigned to the radio room in July of 1976. For a period of years prior thereto he had been treated for hypertension and diabetes, along with related complaints. On two occasions in May and June of 1977 he sustained episodes of extreme pain in the chest with radiating pain to the extremities, and the medical evidence presented to the board established that claimant sustained a myocardial infarction on May 22, 1977 while at work. There was conflicting medical evidence, however, as to whether the infarction was caused by the stress of his employment or was the product of his pre-existing diabetes, hypertension and coronary heart disease. The board chose to accept the view that claimant's myocardial infarction was not caused by or contributed to by his employment. Since there is substantial evidence to support its conclusion, we must affirm (cf. *Matter of Palermo v Gallucci & Sons,* 5 NY2d 529, 532-533). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.